IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW R. SCHUMACHER and
SHAUN MATZ,

Petitioners,

ORDER

08-cv-228-slc

v.

MATTHEW FRANK, DAN WESTFIELD,
PHIL KINGSTON, MIKE THURMER,
DON STRAHOTA, DANIEL BRAEMER,
LT. GREFF, DEBRA GEMPLER, GARY
ANKARLO, GEORGE KAEMMERER,
CHARLES GRISDALE, JEFF GARBELMAN,
WILLIAM POLLARD, MICHAEL BAENEN,
PETE ERICKSON, STEVEN SCHMIDT,
MARTHA BREEN, ROBERT MCQUEENY,
MICHAEL VANDENBROOK, TRAVIS
BIDDELMAN, C.O. VASOS, SGT.
STEWART and JOHN DOES 1,

Respondents.

---

This is a group action brought by petitioners Matthew Schumacher and Shaun Matz,

inmates at the Waupun Correctional Institution, alleging violations of their constitutional

rights. Each asks for leave to proceed in forma pauperis,

Before I consider petitioners' requests for leave to proceed in this action under the in

forma pauperis status, it is necessary to caution petitioners about the consequences of

proceeding in a group complaint and allow them an opportunity to opt out. In Boriboune

v. Berge, 391 F.3d 852 (7th Cir. 2004), the Court of Appeals for the Seventh Circuit court

observed that there are a number of reasons a prisoner might not want to join in a group complaint filed in federal court.

First, although petitioners have joined their claims in one complaint, each is bringing an action subject to the 1996 Prison Litigation Reform Act and each must pay the full $350 fee for filing the action.  Boriboune v. Berge, 381 F.3d at 856.  In other words, before this court will screen the complaint, each petitioner will have to pay either a full filing fee if he does not qualify to proceed in forma pauperis, or an initial partial payment of the fee calculated pursuant to the method described in 28 U.S.C. § 1915(b).  If an inmate qualifies for payment of an initial partial payment, he will thereafter be responsible for paying the remainder of the full fee in installments pursuant to 28 U.S.C. § 1915(b)(2).

Second, if I conclude when I screen petitioners' complaint that any one claim in the action is frivolous, malicious or fails to state a claim upon which relief may be granted, I will record a strike under 28 U.S.C. § 1915(g) against each petitioner named in the caption of the action.  According to the court of appeals, when a prisoner in a group complaint signs the pleading, he attests to the validity of all of the individual claims in the complaint, whether or not they concern him personally.  Therefore, he assumes the risk of incurring a strike if any one claim relating to any other petitioner warrant a strike under § 1915(g).

Third, each petitioner will be held legally responsible for knowing precisely what is being filed in the case on his behalf.  He will be subject to sanctions under Fed. R. Civ. P. 11

for any pleading, motion or other paper filed over his name if such sanctions are found warranted in any aspect of the case.

Finally, in screening the complaint, the court will consider whether the action of one petitioner should be severed from the action of the other petitioner and, if it decides severance is appropriate, the petitioner bringing the severed action will be required to prosecute his claims in a separate lawsuit.

Because petitioners may not have been aware of the consequences of joining their claims in one lawsuit, I will give each an opportunity to withdraw from the suit. If, after considering whether to continue with this lawsuit jointly, petitioners agree so to proceed, I have calculated their initial partial payments as set forth below.

From the trust fund account statement petitioner Schumacher submitted, I conclude that he must pay $21.49 as an initial partial payment of the $350 fee for filing his complaint. If petitioner Schumacher does not have the money to make the initial partial payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that petitioner Schumacher is free to ask prison authorities to pay *all* of his filing fee from his release account. The only amount petitioner Schumacher must pay at this time is the $21.49 initial partial payment. Before prison officials take any portion of that amount from petitioner Schumacher's release account, they may first take from his regular account whatever amount up to the full amount he owes.

3

From the trust fund account statement petitioner Matz submitted, I conclude that he presently has no means with which to pay an initial partial payment of the $350 fee for filing his complaint.  Even though petitioner Matz will not be required to pay an initial partial payment of the filing fee, he is reminded that he is obligated to pay the $350 filing fee, even if this court determines that he will not be permitted to proceed with his complaint in forma pauperis and even if he does not presently have funds with which to pay the fee.  28 U.S.C. § 1915(b)(1).  His account will be monitored and the fee must be taken in monthly installments when the funds exist.

ORDER

IT IS ORDERED that

1.    Each petitioner may have until May 13, 2008, in which to advise the court whether he wishes to prosecute this action.

2.    If petitioners decide to proceed with the action,

   a.    Petitioner Matthew Schumacher may have until May 13, 2008 in which to pay $21.49 as an initial partial payment of the $350 fee for filing his complaint.  He is to submit his payment by check or money order made payable to the clerk of court.

   b.    Petitioner Shaun Matz's complaint will be taken under advisement and the Clerk of Court will be asked to insure that the court's financial records reflect that

4

petitioner Matz owes the $350 fee for filing this case, in accordance with the

requirements of the Prison Litigation Reform Act.

3.    Any petitioner who fails to respond to this order by May 13, 2008 or who advises the

court that he does not want to remain a party to the complaint, will be considered to

have opted out of the joint lawsuit.  He will be dismissed from the lawsuit and will

not be charged a filing fee.

Entered this 22nd day of April, 2008.

BY THE COURT:
/s/
STEPHEN L. CROCKER
Magistrate Judge

5