IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW R. SCHUMACHER and
SHAUN MATZ,

                        Petitioners,

        v.

MATTHEW FRANK, DAN WESTFIELD,
PHIL KINGSTON, MIKE THURMER,
DON STRAHOTA, DANIEL BRAEMER,
LT. GREFF, DEBRA GEMPLER, GARY
ANKARLO, GEORGE KAEMMERER,
CHARLES GRISDALE, JEFF GARBELMAN,
WILLIAM POLLARD, MICHAEL BAENEN,
PETE ERICKSON, STEVEN SCHMIDT,
MARTHA BREEN, ROBERT MCQUEENY,
MICHAEL VANDENBROOK, TRAVIS
BIDDELMAN, C.O. VASOS, SGT.
STEWART and JOHN DOES 1,

                        Respondents.

                ORDER

            08-cv-228-slc

---

      This is a civil action brought by petitioners Matthew Schumacher and Shaun Matz,

inmates at the Waupun Correctional Institution, alleging violations of their constitutional rights.

In one of two orders entered on the court's docket and mailed to petitioners on May 2, 2008,

I informed petitioners about the potential hazards of litigating a group complaint as described

in Boriboune v. Berge, 391 F.3d 852 (7th Cir. 2004), and gave them until May 13, 2008 in

which to advise the court whether they nevertheless wished to prosecute this action together.

1

In the other order, I advised petitioners that this case would be assigned to me for all purposes relating to the litigation unless one or more of the parties were to decline to have me preside over the case.

Now, all of the parties have given their consent for me to preside over all aspects of this case, and petitioners Matz and Schumacher have stated their intention to proceed in a joint action subject to the Prison Litigation Reform Act. In addition, petitioner Shaun Matz has written two letters to the court, one dated May 4, 2008 (Dkt. #8) and one dated May 5, 2008 (Dkt. #9), and a motion for appointment of counsel (Dkt. #11). I will address each matter below.

In his May 5 letter, petitioner advises the court that he only learned of this court's orders of May 2 when petitioner Schumacher showed them to him. He contends that he has learned from a unit sergeant that a Captain Meratski ordered the sergeant to turn over all of petitioner's legal mail so that Meratski could read it. For this reason, petitioner Matz asks for an injunction directing prison officials to cease interference with his mail.

In his letter of May 4, 2008, petitioner states that he expects to be transferred to another institution in the near future. He confirms that in light of this move, it will be especially important for him to receive his own copies of orders issued by the court and documents filed by the respondents.

As an initial matter, I note that it is not constitutionally impermissible for prison officials to inspect petitioner's mail from this court or from the other parties in this case. "With minute

2

and irrelevant exceptions all correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files." <u>Martin v. Brewer</u>, 830 F.2d 76, 78 (7th Cir. 1987).  Therefore, the fact that Captain Meratski asked petitioner's unit sergeant to send him petitioner's mail relating to this case does not, by itself, support the issuance of an order enjoining prison officials from interfering with petitioner's legal mail. Moreover, petitioner has supplied no other evidence that would support issuance of such an order.  In the first place, petitioner anticipates he will be moved from the Waupun Correctional Institution to a new prison within the very near future.  Once he is moved, he could not benefit from an order directing prison officials at the Waupun Correctional Institution to handle his mail differently.

Second, the mere fact that petitioner did not receive this court's May 2 mailing at the same time that petitioner Schumacher received his copies is not enough to suggest that prison officials are engaging in improper behavior.  As petitioner himself says, he has "no idea" why prison officials would interfere with his mail from the court.  What seems a far more likely scenario is that the envelope addressed to petitioner traveled through the United States mail separately from the envelope addressed to petitioner Schumacher and arrived at the prison at a later time.  It is not reasonable for petitioner to assume that mail that does not reach him within three days of the date it is sent from the court has been confiscated purposely in order to interfere with his right of access to the courts.  Because there is no basis for granting petitioner's May 5, 2008 motion for preliminary injunctive relief (Dkt. #9), the motion will be

3

denied.  However, to insure that petitioner Matz's record of the case is complete, I am enclosing another copy of the court's two previous orders to him with a copy of this order.

Petitioner Matz's motion for appointment of counsel will not be considered at this time for two reasons.  First, the motion is signed by petitioner Matz only, although he makes clear in the body of the motion that he is seeking counsel to represent him and petitioner Schumacher.  Motions filed on behalf of both petitioners must be signed by both petitioners. Otherwise, a motion signed by one petitioner in a suit involving more than one petitioner will be treated as pertaining to that petitioner alone.  Even in that event, the moving party must show clearly that he has sent a copy of his motion to the other parties in the case or it cannot be considered.

Second, even if it had been submitted properly, the motion is premature.  Appointment of counsel is appropriate in those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds the petitioners' demonstrated ability to prosecute it.  Pruitt v. Mote, 503 F.3d 647, 655 (7th Cir. 2007), Here, although petitioners claim to be mentally ill, the quality of their submissions are on a par with the quality of the submissions filed by hundreds of other litigants who prosecute their cases without counsel. More important, the legal issues in this case have not yet been identified.  When petitioners' complaint is screened as required by the Prison Litigation Reform Act, any claim they may have made against a defendant who is immune from suit, or that is legally meritless or subject to dismissal for failure to state a claim upon which relief may be granted, will be dismissed from the

4

case at the outset.  In short, nothing at this early stage of the proceedings supports a finding that appointment of counsel is appropriate.

ORDER

IT IS ORDERED that

1.  Petitioner Shaun Matz's motion for an injunction directing prison officials at the Waupun Correctional Institution to cease interference with his legal mail is DENIED.  A copy of the two orders entered in this case on May 2, 2008 are enclosed to petitioner Matz with a copy of this order.

2.  Petitioner Shuan Matz's motion for appointment of counsel is DENIED without prejudice.

Entered this 16th day of May, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge