IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHAUN MATZ,

            Plaintiff,                          ORDER

      v.                                     08-cv-491-slc

MATTHEW FRANK, PHIL KINGSTON,
DAN WESTFIELD, MIKE THURMER,
DON STRAHOTA, LT. GREFF,
GARY ANKARLO and GEORGE KAEMMERER,

            Defendants.

---

In this prisoner civil rights case, plaintiff Shaun Matz is proceeding on claims that defendants Matthew Frank, Phil Kingston and Mike Thurmer subjected plaintiff to conditions of confinement that exacerbated his mental illnesses and that defendants Frank, Kingston, Dan Westfield, Don Strahota, Lt. Greff, Gary Ankarlo and George Kaemmerer disregarded a substantial risk that petitioner would seriously harm himself. Before the court is plaintiff's proposed amended complaint. Although plaintiff filed the new complaint within the deadline set forth by the court in the preliminary pretrial conference order, dkt. 34, I must nevertheless screen the complaint under 28 U.S.C. § 1915 to determine whether it includes claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages.

The core of plaintiff's amended complaint is similar to the original: he alleges that the conditions of confinement he experienced at the Waupun Correctional Institution exacerbated his mental illness because of the severity of the conditions and that prison officials failed to take reasonable steps to stop him from committing acts of self harm. *Jones*

*'El v. Berge*, 164 F. Supp. 2d 1096, 1116 (W.D. Wis. 2001); *Cavalieri v. Shepard*, 321 F.3d 616 (7th Cir. 2003).  However, he appears to advance a more general theory of liability as well, which is that, apart from their failure to prevent plaintiff's suicide attempts, defendants failed to provide him with adequate mental health care by failing to provide needed psychological services and programming.  At this stage of the proceedings, I will assume that a failure to provide such service constitutes deliberate indifference to a serious mental health need and I will allow plaintiff to proceed on this claim.  *Meriwether v. Faulkner*, 821 F.2d 408, 413 (7th Cir. 1987); *Wellman v. Faulkner*, 715 F.2d 269, 272 (7th Cir. 1983); *Gates v. Cook*, 376 F.3d 323, 332 (5th Cir. 2004) (under Eighth Amendment, "mental health needs are no less serious than physical needs").  *But see Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002) (Prisoners "who are suicidally depressed are entitled, at most, to precautions that will stop them from carrying through; they do not have a fundamental right to psychiatric care at public expense.") (dicta).

The other changes to the complaint involve the defendants plaintiff wishes to name and incidents that have occurred since plaintiff filed his complaint.  He has deleted several defendants from the caption (Matthew Frank, Phil Kingston, Dan Westfield, Don Strahota and George Kaemmerer) and added two others (Richard Raemish and Jeffrey Garbelman). I construe plaintiff's deletion of defendants Frank, Kingston, Westfield, Strahota Kammerer from the caption as a motion for a voluntary dismissal of these defendants under Fed. R. Civ. P. 41 and I will grant the motion.

With respect to plaintiff's decision to add Raemisch, this appears to be a substitution for Frank.  In the original complaint, plaintiff alleged that Frank was Secretary of the Department

of Corrections when plaintiff was placed in Health and Segregation Complex, that Kingston was the warden and that Thurmer was the deputy warden. I allowed plaintiff to proceed against Frank, Kingston and Thurmer on the ground that it was reasonable to infer at the pleading stage that these defendants were aware of the conditions in the Health and Segregation Complex and the effect that they would have on a prisoner who is seriously mentally ill, as plaintiff alleges he is. Plaintiff now alleges that Raemisch has been Secretary during the relevant time period and that Thurmer has been the warden. Although plaintiff does not say so explicitly in his complaint, I presume that he wishes to proceed against Raemisch under the same theory on which I allowed him to proceed against Frank, Kingston and Thurmer. In addition, I understand plaintiff to be alleging that defendants Raemisch and Thurmer are responsible for the conditions that have exacerbated plaintiff's mental illness and that defendants Raemisch, Thurmer and Ankarlo (the prison psychiatrist) are responsible for failing to provide plaintiff with adequate mental health treatment. Plaintiff may proceed on these claims.

Plaintiff repeats the allegations from his original complaint that Lt. Greff (identified in full as "Brian Greff" in the amended complaint) and Gary Ankarlo failed to protect plaintiff from known risks that he would harm himself several times in 2007. He adds the allegations that (1) Jeffrey Garbelman, a "psychological associate" at Waupun, was aware of the same risks and disregarded them; and (2) Garbelman, Greff and Ankarlo failed to prevent another suicide attempt that occurred in January 2009. I will allow plaintiff to proceed on each of these claims. *See* Fed. R. Civ. P. 15(d) (allowing plaintiff to supplement

3

complaint with "any transaction, occurrence, or event that happened after the date of the" original complaint).

Finally, I note that it has come to the court's attention that plaintiff has an appeal pending in the Court of Appeals for the Seventh Circuit in a case similar to this one. In *Matz v. Frank*, 08-3388 (an appeal from the Eastern District of Wisconsin), plaintiff alleges that prison staff failed to provide him with adequate mental health care while he was housed in the Health and Segregation Complex at the Waupun Correctional Institution in 2005. It is unlikely that any claim or issue in this case will be precluded or otherwise resolved by case no. 09-3388 (because of the different time periods at issue, *e.g.*, *Crawley v. Hamilton County Commissioners*, 744 F.2d 28 (6th Cir. 1984)), but any decision by the court of appeals could (obviously) have an effect on this court's decision. Thus, if counsel are not already doing so, they should monitor the progress of 09-3388 and inform this court of any important developments at the appropriate time.

ORDER

It is ORDERED that

1. Plaintiff Shaun Matz's proposed amended complaint is ACCEPTED as the operative pleading in this case.

2. Defendants Matthew Frank, Phil Kingston, Dan Westfield, Don Strahota and George Kaemmerer are DISMISSED pursuant to Fed. R. Civ. P. 41(a)(2).

3. Plaintiff may proceed on his claims that

(a) defendants Richard Raemisch and Mike Thurmer subjected plaintiff to conditions

that exacerbate his mental illness;

(b) defendants Raemisch, Thurmer and Gary Ankarlo failed to provide plaintiff with adequate mental health treatment;

(c) defendant Ankarlo, Jeffrey Garbelman and Brian Greff failed to prevent plaintiff from seriously harming himself.

3. Plaintiff is directed to take immediate steps to serve defendant Raemisch and Garbelman with the amended complaint. The current defendants may file their answer to the amended complaint at the same time that Raemisch and Garbelman file their answer.

Entered this 7th day of May, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

5