IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SHAUN MATZ,

    Plaintiff,

v.

RICHARD RAEMISCH et al.,

    Defendants.

Case No. 08-CV-491-slc

▮▮▮▮▮▮▮▮▮▮ PROTECTIVE ORDER

Plaintiff, Shaun Matz ("Matz") and Defendants, Richard Raemisch, Mike Thurmer, Brian Greff, Gary Ankarlo, and Jeffrey Garbelman, agree as follows:

WHEREAS, the parties believe that certain information discoverable in this case may consist of medical records, prison inmate records, internal Wisconsin Department of Corrections ("DOC") procedures, and/or other confidential information, the disclosure of which could harm the parties; and

WHEREAS, the parties reasonably believe that good cause exists for the entry of this Stipulation and Protective Order, which is narrowly tailored to protect confidential material and information which may be disclosed or produced;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between counsel for the parties that the terms and conditions of this stipulation regarding confidentiality shall govern the handling of documents, things or information (collectively, "Material") produced in the course of discovery by any party, or the Material produced or disclosed by any provider of medical or health care to any party (or its attorney), experts or other witnesses, court reporters, and court personnel.

QB\7516209.5            1

1.  The term "Confidential Information" shall mean Material not known to the general public, and not available as a public record, that is provided in this litigation by a party (the "producing party") to any other party (the "receiving party"), and that ▓▓▓▓ includes medical records, prison inmates records, or internal DOC documents or procedures. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

2.  A party or nonparty may designate as "CONFIDENTIAL," in whole or in part, any Material which the party reasonably believes contains Confidential Information.

3.  A party or nonparty may designate as "CONFIDENTIAL-ATTORNEYS' EYES ONLY," in whole or in part, any Material which the party believes contains particularly sensitive Confidential Information, such as records relating to DOC's internal security procedures, the disclosure of which DOC believes may endanger the safety of the persons in and/or the security of any correctional institution. "CONFIDENTIAL-ATTORNEYS' EYES ONLY" Material shall be covered by the provisions of this Order, with the specific restrictions outlined in paragraph 11.

4.  The parties to this action agree that all employment records and The Department of Corrections policies and procedures requested by plaintiff's counsel that the defendants believe contain Confidential Information will be designated accordingly and provided to plaintiff's counsel redacted of identifying information such as social security numbers, date of birth, place of birth, licensing numbers, residential addresses, and telephone numbers. If plaintiff's counsel believes any of this information is necessary to its investigation, the parties will confer in good faith, with any unresolved dispute submitted to the court for resolution.

5.  Confidentiality designations shall be made by placing or affixing the words "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," as

QB\7516209.5                                    2

07/21/2009  11:38    2678906                    WIDOJ                              PAGE  04/21

appropriate, on each page of the document, or each separate part or component of a thing, or each separate item of other information, in a manner which will not interfere with legibility. Except for documents produced for inspection at the producing party's facilities, the designation of Confidential Information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the producing party's facilities, such documents may be produced for inspection before being designated as Confidential Information. Once specific documents have been designated for copying, any documents containing Confidential Information will then be marked CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of documents containing Confidential Information before they are copied and marked CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY pursuant to this procedure.

6. A designating party or nonparty that inadvertently fails to mark an item as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY shall, after learning of the inadvertent failure, promptly correct it. The correction shall be made in writing and shall be accompanied by substitute copies of each item, appropriately marked as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY. Within five (5) business days of receipt of the substitute copies, the receiving party or nonparty shall return or destroy the previously unmarked items and all copies thereof. Any inadvertent failure to designate does not waive the party's ability to designate such Material in the future. Inadvertent disclosure of Confidential Information not identified as Confidential Information shall not be deemed a waiver of confidentiality with regard to similar

information, nor shall it be deemed a waiver of confidentiality with regard to the information inadvertently disclosed.



8. Portions of depositions of a party's present or former officers, directors, employees, agents, experts, and representatives shall be deemed Confidential Information only if they are designated as such when the deposition is taken or within twenty (20) days of receipt of a transcript of the deposition. Until the expiration of that 20-day period, the entire transcript will be treated as CONFIDENTIAL. CONFIDENTIAL-ATTORNEYS' EYES ONLY Material, however, shall be designated within five (5) days of receipt of a transcript of the deposition.

9. Material designated or treated as Confidential Information pursuant to this Stipulation and Protective Order shall not be used or disclosed by any parties or counsel for the party, for any purpose except obtaining and/or rendering advice of counsel and preparing for, settling or conducting this litigation. Material designated or treated as Confidential Information pursuant to this Stipulation and Protective Order shall not be used or disclosed by any experts or other witnesses, court reporters or court personnel, for any purposes other than in connection with this case.

10. Access to Material designated CONFIDENTIAL under this Stipulation and Protective Order, including any portion of any transcript, brief, affidavit, memorandum or other paper that contains, reveals or refers to Material so designated, shall be limited as follows:

(a) Counsel of record for the parties, including their partners and associates who assist them in this matter;

(b) The clerical employees of such counsel of record (including secretaries, paralegals, and clerks) actually assisting such counsel in preparation of this case;

(c) The parties;

(d) Non-party experts or consultants including their secretarial and clerical personnel retained to assist counsel of record and/or a party in this case. Any such expert or consultant must agree to be subject to the provisions of this Stipulation and Protective Order requiring that Material be held in confidence and execute the Agreement set forth at Exhibit A;

(e) Court reporters involved in transcribing depositions or other proceedings in this litigation, and videographers involved in recording depositions;

(f) Deponents at depositions in this litigation, provided that they agree to be subject to the terms of this Stipulation and Protective Order and provided that they are provided information designated or treated CONFIDENTIAL only to the extent necessary for their testimony;

(g) The Court;

(h) Court personnel involved in this case; and

(i) Members of the jury in this case.

11. Material designated CONFIDENTIAL-ATTORNEYS' EYES ONLY under this Stipulation and Protective Order, including any portion of any transcript, brief, affidavit, memorandum or other paper that contains, reveals or refers to Material so designated, shall not be disclosed except as follows:

(a) To individuals and entities identified in paragraphs 10(a) and (b); namely counsel of record for the parties, including their partners and associates who assist them in this matter, and the clerical employees of such counsel of record (including secretaries, paralegals, and clerks) actually assisting such counsel in preparation of this case, but only to the extent reasonably necessary to conduct the litigation;

(b) To individuals and entities identified in paragraphs 10(d) - (i), but only to the extent reasonably necessary to conduct the litigation and subject to the redaction outlined in paragraph 11(d);

(c) CONFIDENTIAL-ATTORNEYS' EYES ONLY Material shall not be disclosed to the parties except where counsel for the producing party has first provided written permission for such disclosure, such permission not to be unreasonably withheld, and/or the receiving party has obtained court approval for such disclosure;

(d) Counsel for any party receiving CONFIDENTIAL-ATTORNEYS' EYES ONLY Material agrees that, except where disclosed solely to persons identified in paragraphs 10(a) and (b), counsel shall redact from such Material any social security numbers, dates of birth, places of birth, licensing numbers, residential addresses and telephone numbers.

12. Except as provided in paragraphs 10 and 11, counsel for the parties shall keep all documents designated or treated as Confidential Information secure within their exclusive possession and shall place such documents in a secure area.

QB\7516209.5

6

13. (a) To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the court reveal or tend to reveal Confidential Information, these papers or any portion thereof shall be filed under seal by the filing party with the clerk of the court in an envelope marked "SEALED—SUBJECT TO PROTECTIVE ORDER" or similarly marked as required by the Court.

(b) No information, other than privileged information, may be withheld from discovery on the grounds that the Material to be disclosed requires protection greater than that afforded by this Protective Order unless the party claiming a need for greater protection moves for and obtains from the court an order providing such special protection.

(c) The designation of confidentiality by a party, or the withholding of permission to share Material designated as CONFIDENTIAL-ATTORNEYS' EYES ONLY with a client, may be challenged by the opponent upon motion. Prior to the filing of any such motion, the parties agree to confer in good faith to resolve the matter. In the event of any such challenge, the burden of sustaining a confidentiality designation shall be on the producing party.

(d) At the conclusion of the litigation, all originals or copies of Material not received in evidence and designated or treated as Confidential Information under this rule shall be returned to the originating party, except that counsel may keep for its files one copy of any deposition transcript (including any exhibits) which may contain Confidential Information and any such Material filed with the Court. If the parties so stipulate, the Material may be destroyed.

QB\7516209.5

7

(e) The inadvertent production of any Material during discovery in this action shall be without prejudice to any claim that such Material is subject to the attorney client privilege or is protected from discovery as work product. No party shall be held to have waived any rights by such inadvertent production. If a party has inadvertently produced information subject to a claim of privilege, upon request the information for which a claim of inadvertent production is made shall be returned promptly, and, in the case of an inadvertently produced document, all copies of that document that may have been made shall be destroyed, or, if the parties so stipulate, returned to the originating party.

(f) This Stipulation and Protective Order shall survive and continue to be binding after the conclusion of this action. The Court shall retain jurisdiction to enforce this Order.

(g) Nothing in this agreement will prevent the originating party from disclosing or using its own documents in any manner it sees fit, consistent with any existing restrictions on the use of such information.

14. Subject to the rules of evidence, documents stamped CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY, and other Confidential Information, may be offered in evidence at trial or any Court hearing, provided that the proponent of the evidence gives five (5) business days advance notice to counsel for the party or other person that designated the Material as containing Confidential Information. Any party may move the Court (after prior consultation with the other party) for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should

continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded to such information at the trial.

15. Nothing in this Stipulation and Protective Order shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial.

16. This Stipulation and Protective Order may be executed facsimile and/or in counterparts, each of which shall be deemed effective as an original.

QUARLES & BRADY LLP

_____
Gregory T. Everts, Esq.
State Bar No. 1001636
Elyce Wos, Esq.
State Bar No. 1058559
33 E Main Street, Suite 900
P.O. Box 2113
Madison, Wisconsin 53701-2113
Telephone: (608) 251-5000
Fax: (608) 251-9166
E-mail: Greg.Everts@quarles.com
        Elyce.Wos@quarles.com

Dated: July 30, 2009

Attorneys for Plaintiff Shaun Matz

WISCONSIN DEPARTMENT OF JUSTICE

_____
Francis X. Sullivan, Esq.
State Bar No. 1030932
Abigail C.S. Potts, Esq.
State Bar No. 1060762
17 W Main Street
PO Box 7857
Madison, WI 53707-7857
Telephone: (608) 267-2222
Fax: (608) 267-8906
E-mail: sullivanfx@doj.state.wi.us
        pottsac@doj.state.wi.us

Dated: July 20, 2009

Attorneys for Defendants

**ORDER**

IT IS SO ORDERED, AS AMENDED BY THE COURT.
DATED 8/4/09

_____
Peter Oppeneer
United States Magistrate Judge

QB\7516209.5                                   9